IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM G. COLDWATE, )
)
Plaintiff, )
) No. 10 C 4918
v. )
) The Honorable William J. Hibbler
ALCATEL-LUCENT USA, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff William Coldwate brings this lawsuit against his former employer, Alcatel-Lucent USA (ALU), claiming that it unlawfully discharged him because of a disability and/or in order to deny him certain benefits of his employment. ALU now moves the Court to dismiss Counts 3 and 4 of his amended complaint, which Coldwate brings pursuant to the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. §§ 1132, 1140. Coldwate pleads Counts 3 and 4 in the alternative. He claims that by discharging him, ALU unlawfully prevented him from obtaining either separation benefits[1] or maximum retirement benefits. ALU argues that the counts should be dismissed based on Coldwate's failure to exhaust the administrative remedies available to him.

### *BACKGROUND*

Coldwate was employed as a metal fabricating mechanic at ALU until his discharge on October 4, 2008. At some point prior to that, he took leave from work due to back and shoulder pain. When he believed he had recovered, he attempted to return to work. ALU would not allow

---

[1] The Court adopts Coldwate's term, "separation benefits," for purposes of uniformity, but notes that ALU uses the term "termination allowance" instead.

1

him to return, however, claiming that he was incapable of meeting the physical demands of his work. Coldwate, wishing to retain his job, pursued administrative relief under the company's disability plan, but was denied. When he was discharged, he filed for retirement benefits, and was granted them, though not at the maximum level because he had not yet attained the age of 65.

Coldwate now seeks relief in this court, claiming that ALU fired him in order to avoid paying him either maximum retirement benefits or separation benefits. In other words, he alleges that ALU used his disability as pretext for firing him, when in reality the company sought to save costs. By forcing him into early retirement, the company avoided paying his full retirement benefits under the company's retirement plan. Alternatively, he alleges, the company discharged him and then failed to replace him as a way of effectively eliminating his position without paying the attendant separation benefits he was due under his union's collective bargaining agreement (CBA) if the company actually eliminated the position.

Coldwate admits that he never pursued maximum retirement benefits or separation benefits through administrative processes prior to filing this lawsuit. The retirement plan provides retired employees "eligible for a benefit under [the plan]...to file a written claim for benefits" and to appeal a decision on that claim.[2] The CBA also provides a grievance procedure for employees to obtain separation benefits when their positions are eliminated.

---

[2] ALU attached a copy of the retirement plan to its response. While the Court's review on a Rule 12(b)(6) motion to dismiss is usually limited to the complaint, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Thus, since Coldwate relies on the retirement plan's provision of benefits as the basis for his claim, the Court will consider the contents of the plan.

## DISCUSSION

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss under Rule 12(b)(1), the Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). In order to survive such a motion, a plaintiff must "clearly allege facts that invoke federal court jurisdiction." *Id.* The Court "presume[s] that federal courts lack jurisdiction unless the contrary appears from the record." *Id.* (internal quotation omitted). The Court may consider any relevant evidence the parties submit. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)). However, the parties have submitted no evidence necessary to the Court's ruling in this case, so the Court relies only on the well-pleaded allegations in the complaint.

### II. Analysis

At the outset, Coldwate admits that he did not pursue maximum retirement benefits or separation benefits through administrative procedures. He also admits that the time has long passed for him to begin any such procedures. The text of ERISA does not explicitly require exhaustion of administrative remedies, but case law makes clear that district courts have discretion to enforce such a requirement in order to fulfill Congress's goals of minimizing frivolous litigation, promoting more cost-effective and efficient methods of dispute resolution, and enabling the compilation of a complete record prior to litigation. *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000). Thus, the question is whether the Court should exercise that discretion in order to bar Coldwate's third and fourth counts or whether he is

excused from exhaustion by one of two well-established exceptions to the general rule. The Court will excuse Coldwate from exhaustion if his pleadings establish either: (1) that administrative remedies were not available to him; or (2) that pursuing administrative remedies would have been futile. *Id.*

Coldwate argues that, given some relatively unique circumstances surrounding his discharge, there were no adequate administrative remedies available to him and that pursuing those administrative procedures that were available was therefore futile. He notes that the basis of Counts 3 and 4 of his complaint is that ALU violated Section 510 of ERISA by using his disability as pretext for firing him when its true goal was to prevent him from obtaining either maximum retirement benefits or separation benefits. *See* 29 U.S.C. § 1140 (prohibiting employers from discharging employees that participate in benefits plans covered by ERISA "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan").[3] He argues that the administrative procedures provided by the retirement plan and the CBA do not provide remedies for such a violation. Instead, they provide employees who are eligible for benefits to make claims for those benefits. In other words, Coldwate is conceding that under the terms of the retirement plan and the CBA he was not eligible for benefits, but arguing that he should be able to obtain those benefits now anyway because he was improperly precluded from becoming eligible.

He cites *Salus v. GTE Directories Service Corp.*, 104 F.3d 131 (7th Cir. 1997) for support of his argument. In that case, the plaintiff similarly conceded that he was ineligible for benefits under his employer's plan and that he had not pursued administrative remedies. *Id.* at 138. The district court found that he was excused from exhausting remedies, however, because the plan at

---

[3] The Court expresses no opinion here as to whether both Coldwate's retirement plan and his union's CBA are covered by ERISA, but assumes that they are for the sake of argument because ALU does not dispute this in their motion.

4

issue did not provide a remedy for an employee complaining of a violation of ERISA Section 510. *Id.* The Seventh Circuit held that this was a proper exercise of the district court's discretion. *Id.* at 139.

ALU points to no provision of either plan that allowed employees such as Coldwate to make claims for benefits for which they were admittedly ineligible. In fact, the provision of the retirement plan that ALU quotes specifically provides administrative procedures to employees that are eligible for benefits. ALU argues that Coldwate could have made the same argument he makes now for those benefits during the administrative procedures that were provided, but fails to explain why the Court should accept that those procedures actually provided a remedy for Coldwate when he concedes that he was ineligible for benefits under the plans. ALU also fails to explain or distinguish *Salus*, a case that is quite similar to this one.

The Court finds that, based on Coldwate's pleadings, there was no administrative relief available for a claim that the company had taken action to preclude him from becoming eligible in violation of ERISA Section 510. While requiring exhaustion might serve a number of ERISA's purposes, the Court will not require a plaintiff to engage in procedures that are simply not meant for individuals in his position. Thus, the Court excuses Coldwate from exhausting administrative remedies in this case.

ALU's only other argument is that Coldwate's claims are untimely because he failed to file this lawsuit within the time periods for filing claims set forth in the retirement plan and CBA. Those time periods are irrelevant to the question of whether Coldwate's suit is timely, however, given that those administrative procedures do not apply to him.

## *CONCLUSION*

For these reasons, the Court DENIES Defendant's motions to dismiss.

IT IS SO ORDERED.

____3/30/11____
Dated

____[signature]____
Hon. William J. Hibbler
United States District Court